LEON P. PAWLEY, Plaintiff below, Appellee, v. JOSEPH A. BROOKS, Defendant below, Appellant.

(*March* 30, 1964.)

LYNCH, J., sitting.

*Frank J. Gentile, Jr.,* for Plaintiff.

*Stuart B. Young* for Defendant.

Superior Court for New Castle County, No. 375, Civil Action, 1962.

LYNCH, Judge:

Two questions are here for disposition.

*First:* the legal question raised by Plaintiff's Motion to Dismiss Defendant's Counterclaim, and *Secondly:* the ultimate disposition of the case, based on the evidence and following trial.

When plaintiff filed his suit before the Jus-

tice of the Peace defendant filed a "set-off" or "counter-claim" to plaintiff's cause of action—presumably on the authority of 10 *Del. C.* § 9540(a), which is a part of Subchapter II of Chapter 95, relating to Jurisdiction and Procedure in Civil Actions for Debt. The cited section provides:

"(a)   In every action before a justice of the peace, within his jurisdiction, the defendant, if he has against the plaintiff any account, demand, or cause of action, cognizable before a justice of the peace, shall bring it forward and plead it as a set-off; and the justice shall enter on his docket the nature and amount of such counterclaim. Any defendant, neglecting to do so, shall, if the action against him be prosecuted to judgment, lose such account, demand, or cause of action, and be forever barred from recovering it."

Actions for trespass to recover damages to personal property are governed by Subchapter III of Chapter 95, Title 10 *Del. Code*. Unlike actions in debt[1] the plaintiff must file a written statement "describing the injury of which he complains". No provision is found in the statute authorizing set off or counterclaim by defendant. On the contrary, Title 10 *Del. C.* § 9613 specifically states:

"The process, modes of trial, right of appeal, and form of proceedings in trespass actions under this subchapter shall be as prescribed in subchapter II of this chapter, except that—

"(1)   *   *   *.

"(2)   There shall be no set-off and no attachment unless on execution;

---

[1] A plaintiff is not required to file a written statement when bringing suit for collection of a debt.

"* * *."

This clearly precludes the filing of a "set-off" in an action of this character although Title 10 *Del. C.* § 9540 (a) would seem to authorize a "set-off" since the statute apparently authorizes the filing of a "set-off" or "counterclaim" by a defendant "in every action" brought in a Court of a Justice of the Peace. In fact the statute would seem to authorize such a pleading if the claim to be "set-off" or used as a basis for "counterclaim" is a "cause of action cognizable before a Justice of the Peace".

There is no dispute here but that defendant asserted his "set-off" or "counterclaim". The Justice of the Peace construed Title 10 *Del. C.* § 9540(a) and § 9613 as requiring the defendant Brooks to consider his "set-off" as a different suit. In this, the Justice of the Peace reached the right result. For this reason plaintiff's Motion to Dismiss Defendant's Counterclaim as filed in this Court must be granted because of failure of defendant to comply with the timely Rules and file the transcript of his claim against plaintiff.

Consideration of the evidence adduced before me makes it clear that defendant Brooks was in a hurry on the day, at the time and at the place of the accident, and indicates he was going at a high rate of speed. The witness Vanderloo, assumedly an impartial witness, stated he heard the screech of brakes and he saw the front of the Brooks car dip forward from application of the brakes. This would support plaintiff Pawley's evidence.

From the credible testimony the Court finds that Pawley entered the intersection first and that the speed of the Brooks' car was such that the driver could not bring it to a stop so as to prevent hitting the Pawley car, which was in the intersection.

The damage to the Pawley car was at the right rear, even to the extent that the trunk lid required alignment. It clearly appears there was negligence on the part of the defendant Brooks and no contributory negligence on the part of Pawley. Judgment should be entered for plaintiff.

An order may be presented, providing that the plaintiff's Motion to Dismiss the defendant's counterclaim is granted and directing the Prothonotary to enter judgment in favor of Pawley, the plaintiff, for the amount of the stipulated damages, together with interest from August 11, 1961 and costs of suit.